FILED
2017 Mar-28 PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

**A BIVENS ACTION**

**AND**

**FEDERAL TORT CLAIM**

**WITH REQUEST FOR INJUNCTIVE RELIEF**

PLAINTIFF,

LARRY DAMON CAMP,

vs.

DEFENDANTS,

UNITED STATES OF AMERICA,

et. al.

## TABLE OF CONTENTS

| | Page |
|---|---|
| JURISDICTION AND VENUE | 1 |
| PLAINTIFF | 2 |
| DEFENDANTS | 2 |
| STATEMENT OF THE FACTS | 3-4 |
| EXHAUSTION OF ADMINISTRATIVE REMEDIES | 5 |
| LEGAL CLAIMS IN SUPPORT OF DELIBERATE INDIFFERENCE | 5-7 |
| CONSTITUTIONAL VIOLATIONS | 7-10 |
| INJUNCTION | 11 |
| LEGAL CLAIMS IN SUPPORT OF FEDERAL TORT | 12 |
| SUMMARY JUDGMENT WOULD BE INAPPROPRIATE IN THIS CASE | 13 |
| CONCLUSION | 14 |
| RELIEF REQUESTED | 15 |

EXHIBITS

A - Request for Administrative Remedy

B - Inmate Requests to Staff

C - No Pain Medication

D - Assorted Requests to Staff Concerning the Urgent Need for Care

E - Correspondence with Senator Rand Paul

FILED
2017 MAR 27 P 12: 21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

---

LARRY DAMON CAMP,
Plaintiff,

CV-17-CO-0465-E

vs.

Civil No. ________________

UNITED STATES OF AMERICA,
et. al.,

Defendants.

---

## I. JURISDICTION AND VENUE

1. This is a Civil Action authorized by: Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed 2d 619 (1971); the Federal Tort Claims Act (FTCA); and the statutory and constitutional rights and laws which govern (28 U.S.C. § 1331 et. seq.) notwithstanding Injunctions and Declarative Judgment, etc., to bring about the resolution of the claims alleged in the Complaints before this Court.

2. The events occurred at the Talladega Federal Correctional Institution in Talladega, Alabama and the Northern District of Alabama is the proper venue.

## II. PLAINTIFF

3. Larry Damon Camp is the only Plaintiff in this cause of action and is presently being held in the custody, care and control of the Federal Bureau of Prisons at Talladega Federal Correctional Institution.

## III. DEFENDANTS

4. The United States of America is the proper Defendant in a Federal Tort Claim. See, Denson v. United States, 574 F.3d 1318 (11th Cir. 2009). Dr. Mark Holbrook, the Clinical Director at Talladega FCI, and other medical staff (names unknown at this time) are liable under Bivens for their violation of Plaintiff's Eighth Amendment rights against Cruel and Unusual Punishment of a federal prisoner and for "deliberate indifference" to Camp's "serious" medical needs. As co-extensive causes of action, Bivens and FTCA claims necessarily arise from the same wrongful acts or omissions of a Government official. (See, Carlson v. Green, 446 U.S. 14, 20, 100 S.Ct. 1468 (1980).

5. John and Jane Doe are the unknown defendants who are employed at Talladega FCI and at the Regional Office (FBOP) in Atlanta, Georgia who have denied Plaintiff's surgery.

6. All of the defendants violated statutory and constitutional laws, regulations and provisions and are liable thereby. Further, the Plaintiff reserves the right to amend in defendant's paragraph

#5 above, that may have involvement which is discovered at a later time as the facts, events and circumstances of the cause of action brought in the Court system.

## IV. STATEMENT OF THE FACTS

7. Plaintiff suffers due to Degenerative Bone Disease (severe Osteo Arthritis). Medical records clearly support this fact. Plaintiff has been treated with over-the-counter anti-inflammatory medications (N-SAIDS), then steroids (Prednisone), then with two shots directly into the left hip joint. This medical condition steadily deteriorates as is consistent with the disease. After years of pain, Plaintiff began to exhaust all remedies available in the Bureau of Prisons. Following this the Plaintiff bought N-SAIDS from the Commissary because the Health Services Unit did not want to prescribe anything. Surgery was denied (a second time) because "alternative means" of therapy had not been fully sought, according to the HSU. Mr. Camp went through 12 weeks of exercises (deliberate delay) for the hip joint that he had already performed for months. No one in HSU documented this.

Plaintiff then resorted to requesting help from Congressman Rand Paul. His office contacted the BOP and finally Medical Staff relented and agreed that Plaintiff should see the Orthopedic Surgeon again. Dr. Tropeano (surgeon) looked at a new x-ray

and determined, as he had twice before, that Plaintiff needed a Total Hip Replacement immediately. The top of Plaintiff's femur has "collapsed" and for all intents and purposes, is gone. The only treatment going forward is (1) adequate pain medicine, (he prescribed Narco 5 mg. three times per day, and (2) total hip replacement. Dr. Anthony Tropeano specifically told Mr. Camp that he would perform surgery on him at the next available opening were he a patient in Tropeano's private practice.

Medical staff has first used Plaintiff's age to deny the surgery. Then Plaintiff was denied surgery due to his weight. He cannot exercise and he takes medications that cause weight gain. Dr. Tropeano specifically told Mr. Camp not to exercise at this point because it will further aggravate the hip joint.

Plaintiff's condition is dire. His left knee is beginning to lack useability as Plaintiff is having to support himself with it. He uses his upper body to sit down and get up. And Plaintiff has had to be seen by the Psychology Department because all of this pain and suffering is catching up to him. He can't sleep at night and on the lucky night that he can, he wakes up startled by the pain.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff properly submitted grievances via Federal Bureau of Prisons Administrative Remedy Appeals. (See attachment, Exhibit A. BP-9, BP-10, and BP-11). Also see, Denial of Federal Tort Claim (Administrative Tort Claim #TRT-SER-2016-05892).

## VI. LEGAL CLAIMS IN SUPPORT OF DELIBERATE INDIFFERENCE

9. Plaintiff herein argues that he is being denied national and constitutional standard of care wherein he has the right to be free from Cruel and Unusual Punishment and for Staff's "deliberate indifference" to his "serious medical needs." See, Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed 2d 811 (1994). An official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate. See, Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997) For example, a defendant who delays necessary treatment for non-medical reasons (such as to save money at the inmate's expense) may exhibit deliberate indifference. See, H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11th Cir. 1986).

This argument - that BOP officials have acted with deliberate indifference - falls under the Supreme Court's ruling in Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403

U.S. 388, 91 S.Ct. 1999, 29 L.Ed 2d 619 (1971)(and the Federal Tort Claim Act, 28 U.S.C. § 2679(b)(1)(stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act of omission gave rise to the claim."). The United States is liable for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.").

10. In this case, the threshold exhaustion requirement is met, and the Court may proceed to address the merits of the alleged constitutional violation. See, Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004). Concerning timeliness, the Plaintiff has a two-year governing time limit from the date of the incident. Here, the injuries are ongoing. The "Continuing Violation Doctrine" applies. This Doctrine permits a Plaintiff to recover on an otherwise time-barred claim, where at least one of the violations he alleges occurred within the statutory limitations period. See, Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001).

11. This case concerns a wrongful act or omission of Government employees 'scope of office.'

12. Petitioner also contends that he is the victim of Dr. Holbrook's medical malpractice and gross negligence. Had Dr. Holbrook followed the standard of care requirements, Mr. Camp would not be suffering today. It is one thing to finally prescribe medicine, but a competent physician would arrange for the surgery Mr. Camp needs. Medical Staff, too, has been indifferent as they have seen him suffer for years without the surgery.

13. The proper "standard of care" provided by outside physicians should be equally followed by prison doctors, but everyone knows that prison officials do as they please until someone sues them. And any competent physician, seeing Mr. Camp struggle, would immediately arrange for surgery. Mr. Camp's "prisoner status" is being used to deny him surgery and is tantamount to Cruel and Unusual Punishment of a prisoner.

## CONSTITUTIONAL VIOLATIONS

14. Deliberate indifference may be "inferred from an unexplained delay in treating a known or obvious serious medical condition" even after treatment is ultimately provided. (emphasis added). See, McElligott v. Foley, 182 F.3d 1248 911th Cir. 1999). In the present case, the delay in providing surgery is evidenced of deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

15. Plaintiff's suffering is a direct result of the federal employee's wrongful acts or omissions. Due to the officials' delay

tactics, Mr. Camp's surgery continues to be postponed and his condition poses a substantial risk of more serious harm to his hips. See, Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The delay is also "medically unjustified." Staff at the Regional Office of the Federal Bureau of Prisons in Atlanta, Georgia, argue that Camp's BMI (body mass index) is the cause of delay in providing surgery. However, other inmates similarly situated are being treated and Camp is not. See, Harris v. Coweta County, 21 F.3d 388, 394 (11th Cir. 1994)(evidence of deliberate indifference shown).

16. To demonstrate "deliberate indifference" to Mr. Camp's situation, the following is presented in good faith:

(1) Staff has a subjective knowledge of a risk of serious harm to Camp's condition. Doctor Holbrook and others possess subjective knowledge that Camp's condition is becoming worse over time without the needed surgery.

(2) Staff has a disregard of that risk: Delaying the inevitable "must have" surgery while his condition worsens. This establishes a "culpable" mindset. (See Exhibit B).

(3) Staff exhibits conduct that is more than mere negligence. Dr. Holbrook has failed to arrange Mr. Camp's surgery in timely fashion.

17. Mr. Camp has been at Talladega FCI for a number of years. He was given a complete physical examination upon arrival.

At that point in time, years ago, Medical Staff was put on notice of Camp's serious need for further evaluations, and later, for hip replacement surgery.

18. It has been 3-4 years since surgery was recommended by the FBOP's own specialist, Dr. Anthony Tropeano, Orthopedic Surgeon, who could have performed the surgery back then. In fact, the doctor has noted two or three times (maybe more) that surgery is the only option left.

19. Petitioner here is not accusing Medical Staff of not doing the mere basics, (pre-surgery exhaustive remedies). They have prescribed non-narcotic pain medicine and even recently Tylenol #3, performed MRIs, and even injected cortisone into Mr. Camp's hip. However, these remedies were done "instead of" surgery rather than "in preparation for" surgery. These remedies offer no long term relief from the pain.

The science of today's medicine has long ago surpassed "putting a band aid on a cancer." Medical Staff here has put Mr. Camp's suffering out of their minds. They have watched him limp around for years. Undue delays threaten Camp's safety and health. This is absolutely forbidden by the Eighth Amendment to the United States Constitution against Cruel and Unusual Punishment. See, Ingraham v. Wright, 430 U.S. 651 (1977).

20. Plaintiff's degenerative hip condition could have been addressed and surgery performed years ago at Dr. Tropeano's

recommendation. However, the Clinical Director, Dr. Holbrook, as well as medical staff at Talladega FCI and Regional Office personnel have simply told Camp that he should exercise and be careful what he eats to lose weight.

21. The "overweight" argument by Dr. Holbrook and Regional Office of the BOP fails. See, Peterson v. Wright Med. Tech. Inc., 2014 U.S. Dist. LEXIS 189473 (USDC 2014). In Peterson, the patient was given the surgery (hip replacement) when he weighed 261 pounds and had a body mass index (BMI) of 37. The case reads: "The attending physician had no reason to believe that the patient was not an appropriate candidate for the implantation of the device."

22. In another case involving BMI and hip replacement surgery, Courson v. Wright Med. Tech., Inc., 2013 U.S. Dist. LEXIS147218 (11th Cir. 2013), the acting physician, Dr. Shane Smith, knew of the warnings of going into such an operation on the hips, stated that there were no contraindications to surgery for hip replacement. The patient weighed 296 pounds. If Plaintiff here is a bit overweight, he is still entitled to the surgery. In fact, he would fare better by doing the operation now while he is a relatively young man. Following the surgery, he will necessarily have to undergo rehabilitation. That is more difficult the older the patient is.

23. Dr. Holbrook and others have engaged in conduct that will clearly evince a wanton disregard for Camp's serious medical

needs. They have postponed, stalled, ignored and set him aside knowing full well that he is continuing to suffer. In the case of Golbert v. Caldwell, 463 F.3d 339 (11th Cir. 2006)(the Court had no difficulty finding that degenerative hip disease is very "serious." This state of mind in medical personnel at Talladega FCI and Regional Office in Atlanta, Georgia, is not mere negligence. Plaintiff has been suffering from this condition for years. Instead, they are being "deliberately indifferent." Staff knows and has subjective knowledge of Mr. Camp's hip problems and yet they keep avoiding their duty to arrange for surgery. Mr. Camp's only hope and only choice to be free of excruciating pain is to proceed to surgery now. He could suffer permanent nerve damage as a result of more delays. See, Moore v. Guzman, 362 Fed. Appx. 50 (11th Cir. 2010).

## VIII. INJUNCTIVE RELIEF

24. Plaintiff therefore seeks an injunction or declaratory judgment necessary to order FCI Medical Staff and/or Federal Bureau of Prisons Regional Office staff to transport him to a hospital for hip replacement surgery, immediately.

25. Mr. Camp is also respectfully asking the Court to provide him with an Orthopedic Surgeon who can testify to the medical aspects of Camp's serious medical condition. Mr. Camp, due to incarceration, is indigent and cannot afford to pay

this cost and he is certain that the Court will require another expert medical opinion. In the alternative, Plaintiff seeks permission to use Dr. Anthony Tropeano's notes and files in this case to prove, unequivocally, that surgery is the only option left for Plaintiff's medical condition.

IX. LEGAL CLAIMS IN SUPPORT OF FEDERAL TORT

The United States is the only permissible defendant in an FTCA action. 28 U.S.C. § 2679(b)(1), stating that the FTCA remedy against the United States is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim. The FTCA provides a "limited waiver" of sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment." See, JBP Acquisitions, L.P. v. United States, ex. rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)(quoting 28 U.S.C. § 1346(b)(1).

Here, the Plaintiff has first presented the claim to the appropriate federal agency and has been denied relief. The Southeast Regional Office of the FBOP has determined that the Plaintiff, Mr. Camp, is not entitled to a hip surgery per

BOP policy. (See Exhibit A). This FTCA is filed within the 6-month time limitation. 28 U.S.C. § 2401(b).

Plaintiff asserts that he was denied Tort Relief because the Regional Office found him to be "obese." As mentioned earlier Plaintiff does not have to wait until he is thinner to receive a hip replacement. In fact, it should behoove the Regional Office to schedule surgery now as Plaintiff is not getting any younger and there will be less complications if surgery is performed today. To discriminate against Mr. Camp would be a manifest injustice. It would be a Due Process violation. And not only this, but caselaw exists supporting large people who have had the surgery.

## X. SUMMARY JUDGMENT WOULD BE INAPPROPRIATE IN THIS CASE

Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law."

In this case, Mr. Camp is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims. That evidence is now presented to this Honorable Court in the multitude of medical records attached.

For example, Plaintiff submits in his exhibits exactly what an Orthopedic Surgeon, Dr. Anthony Tropeano, has said concerning the immediate need for surgery.

We also have the Plaintiff's affidavit as part of the record. It is signed and dated under penalty of perjury as being the factual testimony of Mr. Larry Camp, who needs medical attention. The Government cannot dispute the record or whatever their own Surgeon recommends. Leaving the Petitioner to continue hurting is cruel. It is unusual. And it is surely a punishment that the Court did not impose upon him.

The legal entity responsible for transfers to Medical Facilities stated: "Denial due to (BMI), when patient gets to 35.7 or less, re-submit him and we'll take him." Petitioner went to sick call, saw MLP Thomas, she documented the BMI and sent the report to Dr. Holbrook. Petitioner waited for a response from Dr. Holbrook and never got one. So one day he found the doctor in mainline and he said he would re-submit paperwork, "But you're just barely under the threshold and I want to wait for you to lose more weight before I re-submit to make sure they accept you." End quote.

This defines cruel and unusual punishment. Dr. Holbrook knows that Mr. Camp is suffering and continues to be deliberately indifferent to such. Dr. Holbrook is wantonly inflicting more pain by refusing to re-submit Plaintiff for surgery when the controlling entity told him to do so when the BMI was met.

## X. CONCLUSION

The most recent Supreme Court decisions have held that the Eighth Amendment proscribes more than physically barbarious punishments. The Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency ..." against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with the "evolving standards of decency that mark the progress of a maturing society" or "which involve the unnecessary and wanton infliction of pain."

These elementary principles establish the Government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, then those needs will not be met. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common law view that "It is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself."

## XI. RELIEF REQUESTED

26. Plaintiff requests a declaration that the acts and omissions described herein violated his statutory and constitutional rights.

27. Plaintiff requests appropriate injunctions and declaratory judgments be made.

28. Plaintiff seeks Punitive Damages in the amount of One Million dollars against Defendant United States for the Cruel and Unusual Punishment that he has endured. He seeks One Million dollars against Defendant United States for Compensatory Damages as he will not be able to work upon his release from prison due to staff's deliberate indifference at Talladega Federal Correctional Institution.

29. Plaintiff seeks an award for the entire cost of this suit.

WHEREFORE, based on the facts and information in this Action, Plaintiff respectfully prays this Honorable Court will appoint counsel to represent him. This will benefit the Court and Plaintiff as he is not experienced in law.

To be clear, Plaintiff states a claim against the Defendant United States wherein he is the victim of prison staff's deliberate indifference to his serious medical needs and for the Cruel and Unusual Punishment he has endured at their hands.

So prayed.

This document is signed, dated and sworn to pursuant to 28 U.S.C. § 1746 under the penalty of perjury on this 21st day of MARCH, 2017.

Respectfully submitted,

Larry Damon Camp

Larry Damon Camp, pro-se
#08131-028
FCI Talladega
PMB 1000
Talladega, AL 35160